**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Vonnie Darin Darby, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **RE DISMISSAL OF HABEAS PETITION** |
| vs. | ) | |
| | ) | |
| Robyn Schmalenberger, Warden, | ) | |
| North Dakota State Pen., | ) | |
| | ) | Case No. 1:10-cv-056 |
| Respondent. | ) | |

On July 12, 2010, the petitioner, Vonnie Darin Darby, filed pro se a petition for habeas corpus relief. Judge Hovland has referred this matter to the undersigned for preliminary consideration.

**I.    BACKGROUND**

What follows is an abbreviated time line of Darby's underlying state court proceedings.

- October 4, 2006    Darby was charged in an Information with two offenses: burglary and simple assault in violation of state law. (State Case No. 09-06-K-03706).

- October 11, 2006   The state district court held a bail review hearing, after which it set bail at $25,000. (State Case No. 09-06-K-03706).

- October 18, 2006   Darby filed a "notice of intent to appeal bail reduction order." (State Case No. 09-06-K-03706).

- November 1, 2006   The North Dakota Supreme Court entered an order dismissing Darby's appeal of the state district court's decision regarding bail. (State Case No. 09-06-K-03706).

- November 8, 2006   Darby filed a request for reconsideration of the North Dakota Supreme Court's November 1, 2006, order. (State Case No. 09-06-K-03706).

1

- November 16, 2006   The North Dakota Supreme Court denied Darby's request for consideration of its November 1, 2006, order. (State Case No. 09-06-K-03706).

- March 15, 2007   A jury found Darby guilty of both charged offenses. (State Case No. 09-06-K-03706).

- March 22, 2007   Darby filed a notice of direct appeal of his conviction and sentence. (State Case No. 09-06-K-03706).

- May 7, 2007   Darby was ordered to undergo psychological testing prior to the imposition of sentence. (State Case No. 09-06-K-03706).

- August 28, 2007   The state district court entered judgment, sentencing Darby to ten years imprisonment for the conviction of burglary and thirty days imprisonment for the conviction of simple assault. (State Case No. 09-06-K-03706).

- March 7, 2008   Darby filed a motion to stay the judgment of conviction pending appeal. (State Case No. 09-06-K-03706).

- March 19, 2008   The state district court entered an order granting Darby's motion to stay judgment of conviction pending appeal. (State Case No. 09-06-K-03706).

- March 20, 2008   The North Dakota Supreme Court summarily denied Darby's appeal and affirmed his conviction. State v. Darby, 2008 WL 763791, 747 N.W.2d 136 (Table). Consequently, the state district court vacated its order staying judgment of conviction. (State Case No. 09-06-K-03706).

- June 2008   Darby filed an application for post-conviction relief. (State Case No. 09-08-C-2352).

- June 11, 2008   Darby filed a motion to stay judgment of conviction and for release pending final disposition of his application for post-conviction relief. (State Case No. 09-08-C-2352).

- June 24, 2008   The state district court denied Darby's motion to stay judgment of conviction and for release pending final disposition of his application for post-conviction relief. (State Case No. 09-08-C-2352).

- July 22, 2008         Darby filed a motion for reconsideration of the state district court's June 24, 2008, order. (State Case No. 09-08-C-2352).

- August 7, 2008        The state district court denied Darby's motion for reconsideration of its June 24, 2008, order. (State Case No. 09-08-C-2352).

- August 13, 2008       Darby appealed the state district court's June 24 and August 7, 2008, orders.  (State Case No. 09-08-C-2352).

- August 20, 2008       The North Dakota Supreme Court denied Darby's appeal of the state district court's June 24 and August 7, 2008, orders. (State Case No. 09-08-C-2352).

- September 9, 2008     Darby filed a petition for habeas corpus relief in state district court relating to his conviction in State Case No. 09-06-K-03706. (State Case No. 09-08-C-3829).

- November 12, 2009     Darby filed with the North Dakota Supreme Court a Notice of Appeal "from the denial of Post Conviction Proceedings matters, in the District Court, East Central Judicial District County of Cass, city of Fargo, ND . . . ."

- January 8, 2009       The state district court entered an order consolidating Darby's application for post-conviction relief (State Case No. No. 09-08-C-2352) and petition for habeas corpus relief (State Case No. 09-08-C-3829).

- December 7, 2009      The state district court entered an order denying Darby's application for post-conviction relief and petition for habeas corpus relief.

- January 7, 2010       Darby, through his court-appointed counsel filed an amended notice of appeal with the North Dakota Supreme Court relating to both his application for post-conviction relief (State Case No. 09-08-C-2352) and petition for habeas corpus relief (State Case No. 09-08-C-3829).

- June 3, 2010          Darby filed a Petition for Writ of Mandamus with the North Dakota Supreme Court.

- June 11, 2010         The North Dakota Supreme Court denied Darby's Petition for a Writ of Mandamus.

3

- June 11, 2010          Darby was advised by the Office of the Clerk for the North Dakota Supreme Court that his appeal from the state district court's December 7, 2009, order was being placed on the September 2010 Term of Court for oral argument.

- July 7, 2010           Darby filed a motion to withdraw his petition for a writ of habeas corpus.

On July 12, 2010, Darby filed a petition for habeas corpus relief with this court. Therein he seeks an order from the court either (1) releasing him from state custody pending the completion of his appeal to the North Dakota Supreme Court from the denial of his petition for post-conviction collateral relief or (2) directing the state courts to conduct a bail review hearing. Also, he seeks to recover past defense costs, as well as fees and costs associated with this matter. (Docket No. 2).

## II.     DISCUSSION

### A.     Introduction

Broadly construed, Darby's petition claims an entitlement to federal habeas relief under two theories. First, he claims that the state courts' denial of bail pending his appeal violated his federal constitutional rights. Second, he argues that his state conviction was obtained in violation of his federal constitutional rights and that, in order to protect those rights, he should be ordered released until his federal constitutional claims can be fully litigated. Notably, however, his petition does not challenge directly the validity of his state conviction.

For the reasons set forth below, Darby's habeas claims clearly lack merit, as well as his claims for monetary relief. Consequently, it is recommended that his petition be summarily dismissed.[1]

---

[1] Darby has provided the portion of the state-court record that he claims supports his entitlement to federal habeas relief as a consequence of the state courts not affording him bail. Since Darby's claims plainly lack merit, there is no need to order the respondents to provide a response or conduct any further proceedings. See Rule 4 of the Rules Governing Section 2254 Cases.

4

**B.     Governing law**

Darby brings his petition for habeas relief pursuant to both 28 U.S.C. §§ 2241 and 2254. Currently, the lower federal courts are split as to whether § 2254 applies only to challenges to state-court convictions and sentences (similar to § 2255 applying only to challenges of federal convictions and sentences) or whether its scope is broader and applies to all habeas petitions filed by convicted state prisoners, including challenges to denials of parole, prison transfers, and possibly, as in this case, a challenge to the denial of post-conviction bail. Compare, e.g., White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state-court judgment, even when the petitioner is not challenging his underlying state-court conviction"); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir.2003) ("A state prisoner such as Cook ... not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence ... under section 2254.") with Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (§ 2241 applies to challenges to the execution of state-court sentences given that § 2254 applies to collateral challenges to conviction and sentences similar to § 2255).

The question of whether § 2254 applies is of some significance. For example, § 2254(d) provides that habeas relief cannot be granted unless the state court's adjudication of the claim involved an unreasonable application of established federal law "as determined by the United States Supreme Court," assuming no unreasonable interpretation of the facts. Section 2241 does not contain a similar limitation. Also, the applicability of § 2254 *may* call into play the limitations imposed on "second and successive" § 2254 petitions under § 2244(b). See, e.g., Crouch v. Norris, 251 F.3d 720, 723-724 (8th Cir. 2001) (second petition was not "second or successive" because the

5

statutory language incorporates pre-AEDPA abuse-of-writ principles); Greenawalt v. Stewart, 105 F.3d 1287, 1288 (9th Cir.1997) (second petition was "second or successive" within the meaning of § 2254(b).

The Eighth Circuit has adopted the majority approach, which is that § 2254 applies to all habeas petitions filed by convicted state prisoners, regardless of their character. E.g., Singleton v. Norris, 319 F.3d 1018, 1022-1023 (8th Cir. 2001); Crouch v. Norris, 251 F.3d at 722-723. Consequently, its provisions govern here.

  **C. Exhaustion of state-court remedies**

It is well established that the exhaustion doctrine, codified at 28 U.S.C. §§ 2254(b)-(c), precludes granting habeas relief when state-court remedies have not been properly exhausted. E.g., Rhines v. Weber, 544 U.S. 269, 274 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). Proper exhaustion has two components. First, the claim must be "fairly presented," either by referring to the particular federal constitutional right or citing to a state or federal case that raises the pertinent constitutional issue. Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005); Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999) ("A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits."). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In this case, prior to seeking relief from this court, Darby moved the state district court for release pending his appeal from the denial of his petition for post-conviction relief. The district court denied the motion on the merits. (Doc. No. 2-1. Ex. 6). Darby then sought immediate review

from the North Dakota Supreme Court, which also denied relief. (Doc. No. 2-1, Ex. 11). Consequently, with respect to the issue of whether he is entitled to release pending appeal, Darby has presented that issue to the state courts once, including the state's highest court.[2] In terms of the exhaustion requirements, what might present a closer question, however, is whether Darby properly presented the federal claims he makes now in his requests to the state courts for release pending appeal.

Also, it is not entirely clear whether § 2254 in this context requires only the exhaustion of the arguments that Darby makes for why the state court's denial of bail violated his federal constitutional rights or whether he must exhaust all possibilities for release by the state courts based on alleged federal constitutional violations, including those that challenge the validity of his conviction and that are the subject of his still pending state-court proceedings. Compare Colivita v. Pennsylvania, No. 08-3557, 2009 WL 616649 (E.D. Pa. March 6, 2009) (discussing only the need to exhaust the former); Garson v. Perlman, 541 F. Supp. 2d 515, 518-520 (E.D.N.Y. 2008) (same); with Brown v. Leeke, 460 F. Supp. 947, 949 n.11 (D.S.C. 1978), appeal dismissed without an opinion 601 F.2d 579 (4th Cir. 1979) (table) (stating that principles of comity and federalism embodied in the exhaustion requirements of § 2254 would be torn asunder if a federal habeas petition seeking review of a denial of bond was considered while a state appeal from the denial of post-conviction collateral relief was still pending).

Rather than resolve these questions, the recommendation is that Darby's petition be summarily dismissed on the merits under authority granted by § 2254(a)(2) ("An application for writ

---

[2] Darby also filed a petition for state habeas relief seeking release pending appeal, which was denied by the state district court, and then abandoned by Darby. However, since the North Dakota Supreme Court had earlier denied Darby's request for release pending the appeal of the denial of post-conviction relief without stating he had followed the wrong remedy, it appears Darby has exhausted any state remedy for the relief he seeks now.

of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State.").

> D. **Darby suffered no deprivation of federal constitutional rights by the state courts' denial of bail**

A number of federal courts have stated that, while there is no federal constitutional right to bail after a person stands convicted, the Eighth and Fourteenth Amendments prohibit an arbitrary denial of bail pending appeal once the opportunity for it is provided by state law. E.g., Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982); Brown v. Wilmot, 572 F.2d 404, 405 (2d Cir. 1978); United States ex rel. Walker v. Twomey, 484 F.2d 874 (7th Cir. 1973); Grooms v. Solem, 562 F. Supp. 512, 513 (D.S.D. 1983); Grady v. Iowa State Penitentiary, 346 F.Supp. 681, 682 (N.D. Iowa 1972); but see Garson v. Perelman, 541 F. Supp. 2d at 526-530 (rejecting the reasoning of these cases). It appears, however, that virtually all of these cases involved a state court's denial of bail pending direct appeal.

Here, Darby's situation is different. He stands convicted after having been afforded (1) a full trial, (2) a direct appeal to the state's highest appellate court, and (3) a collateral challenge to his conviction at the state district court level. Thus, the initial question in this case is whether the state courts' denial of bail after Darby has already lost on direct appeal implicates any federal constitutional rights.

Turning first to the Eighth Amendment, its prohibition against excessive bail applies, arguably, only in a pretrial setting. Garson v. Perelman, 541 F. Supp. 2d at 526-527; cf. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972); Bernacco v. United States, 299 F. 787, 788 (8th Cir. 1924) ("the allowance to bail after conviction is not an absolute right, but entirely within the exercise of a sound judicial discretion"). But, whatever may be the merit of the cases which hold

8

that the Eighth and the Fourteenth Amendments together offer some protection against arbitrary denials of bail by the state courts pending direct appeal, there is no reason to believe that the Eighth Amendment by itself provides substantive protection to someone like Darby, who not only has been convicted but has also lost on direct appeal. See id. In Glynn v. Donnelly, the First Circuit observed the following:

> While the federal power remains, we regard a petitioner who has had a full trial and appeal as in a very different posture than if there had been no prior judicial determination of his rights.  * * * *
> 	* * * *
> Bail, like habeas corpus, developed primarily as a pretrial institution. See Foote, The Coming Constitutional Crisis in Bail, 113 U.Pa.L.Rev. 959, 968 (1965); In re Whitney, 1 Cir., 1970, 421 F.2d 337. Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted. The presumption fades upon conviction, and can be of no significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interest in executing its judgment. Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies. Cf. U. S. ex rel. Epton v. Nenna, S.D.N.Y., 1968, 281 F.Supp. 388; Baker v. Sard, 1969, 137 U.S.App.D.C. 139, 420 F.2d 1342. We would express it in these terms. Both in the district court, and on appeal, in the absence of exceptional circumstances-whatever that may include-the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, Benson v. California, ante, but a clear, and readily evident, case on the facts.  Merely to find that there is a substantial question is far from enough.

470 F.2d at 97-98 (footnotes and citations omitted).

As for the Fourteenth Amendment, whatever due process protection it may afford in this situation must necessarily be in the form of a "liberty interest" created by state law since, as already observed, there is no fundamental right to bail post-conviction. See, e.g., Garson v. Perelman, 541 F. Supp. 2d  at 527-528; cf. Dist. Atty's Office for Third Judicial Dist. v. Osborne, __ U.S. __ 129 S.Ct. 2308, 2319 (2009) (discussing liberty interests created by state law); Nolan v. Thompson, 521 F.3d 983, 989 (8th Cir. 2008) (same).  Turning then to North Dakota law, the only statutes or rules

9

that expressly provide for a stay of execution of sentence and the possibility of bail following conviction are for a direct appeal. See N.D. R. Crim. P. 38(a); N.D. R. App. P. 9. Notably, there is no provision in N.D.C.C. ch. 29-32.1 (which governs the granting of collateral post-conviction relief and which is a civil process separate from the criminal case) for obtaining a stay of execution of the criminal judgment and the granting of bail pending resolution of a petition for post-conviction relief. Rather, the only provision in the chapter that empowers the court to provide relief from the criminal judgment and grant bail is when the court finds in favor of the petitioner and grants post-conviction relief. N.D.C.C. § 29-32.1-11(3). The fact that the possibility of bail is provided for in that instance, and not otherwise, strongly suggests there is no statutory entitlement to bail during the pendency of a petition for post-conviction relief, much less after a petition for such relief has been denied and during an appeal from the denial.[3]

The only other possibilities are that the North Dakota courts have the inherent power to grant bail to a person appealing the denial of a petition for post-conviction relief, which is doubtful given the absence of statutory authority, or that the state habeas provisions provide for such authority, which is more possible. But, even if the North Dakota courts are empowered to grant bail in such circumstances, it likely would be confined to unusual or exceptional cases, such that the probability of relief being granted in most cases would be so low and the amount of discretion that the courts would be afforded in considering bail so great, that no "liberty interest" protected by the Fourth

---

[3] There are other states that have construed their laws governing post-conviction collateral relief as not allowing for bail. See Landano v. Rafferty, 970 F.2d 1230, 1240 (3rd Cir. 1992) (noting that there is no right to bail under New Jersey law in post-conviction proceedings seeking collateral relief citing New Jersey authority); Summage v. State, 579 N.W.2d 821, 823 (Iowa 1998) (no right to bail in a civil proceeding for post-conviction relief). However, in some jurisdictions, bail may be permitted. See Annotation, Supersedeas, stay, or bail, upon appeal in habeas corpus 36 A.L.R. 1460 § II(a)(1) (1929).

Amendment could be said to exist.  See  Garson v. Perelman, 541 F. Supp. 2d at 528; cf. Snodgrass v. Robinson, 512 F.3d 999, 1003 (8th Cir. 2008).

Darby also complains about the process that was followed by the state courts in denying bail. He argues that the state courts failed to properly construe his state habeas petition as seeking release upon bail and to promptly rule on his petition.  However, violations of state law do not alone give rise to a claim for federal habeas relief. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, the lack of a fundamental right or liberty interest in bail after a direct appeal has been denied appears to foreclose the possibility of a federal procedural due process claim. Cf., Dist. Atty's Office for Third Judicial Dist. v. Osborne, __ U.S. __ 129 S.Ct. 2308, 2319 (2009); Davenport v. Univ. of Ark. Bd. of Trs., 553 F.3d 1110, 1114 (8th Cir. 2009).

Nevertheless, even if the Eighth and the Fourteenth Amendments do provide protection against an arbitrary denial of bail following a conviction and the denial of a direct appeal, Darby has no claim in any event.  In this case, the state district court addressed the merits of Darby's motion for release pending his appeal of the denial of the petition for post-conviction relief, applying the four factors the North Dakota Supreme Court held in State v. Bergeron, 334 N.W.2d 12, 14 (N.D. 1983) should be considered in addressing a request for bail pending direct appeal.  And, after discussing each of the factors, the district court concluded that they militated against the granting of bail and denied Darby's motion. (Doc. No. 2-1. Ex. 6).  Then, following an unsuccessful motion for reconsideration, Darby took an immediate appeal from the orders denying relief, which was summarily denied by the North Dakota Supreme Court, notably without any discussion of whether Darby had any entitlement to bail in the first instance. (Doc. No. 2-1, Ex. 11).

11

Based on this record, there is no basis for concluding that the denial of bail in this case was arbitrary or violated procedural due process.  See, e.g., Lewis v. State of Maine, 736 F. Supp. 13, 14-15 (D. Me. 1990); cf. Garton v. Marstellar, 545 F. Supp. 994, 997-998 (D. Kan. 1982). Moreover, given the dearth of guiding precedent from the United States Supreme Court in this area, there most certainly is no basis for concluding that the denial of bail was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, which, as noted above, is the standard for granting habeas relief under § 2254.  See, e.g., Garson v. Perlman, 541 F. Supp. 2d at 524-525; 28 U.S.C. § 2254(d).

Finally, Darby's other claims of constitutional violation also clearly lack merit.  He claims a denial of equal protection.  But, to the extent that any such claim has not been foreclosed by the foregoing, he has failed to claim, much less demonstrate, that others in his situation have been treated differently.  Cf., Chism v. Curtner, __ F.3d __, 2010 WL 3396842, *4 (8th Cir. Aug. 31, 2010); Mills v. City of Grand Forks, __ F.3d __, 2010 WL 2899152,  *4 (8th Cir. July 27, 2010). He also claims a denial of "speedy trial" rights, but this obviously is frivolous given that he stands convicted.  Cf.  Doggett v. United States, 505 U.S. 647, 661 (1992).

### E.     Darby's claim that he is entitled to federal habeas relief in order to protect the federal constitutional rights allegedly violated by his state-court conviction

While there is no federal statute or rule that explicitly conveys the authority to grant state prisoners bail during the pendency of a federal habeas corpus proceeding, a number of the federal circuit courts have concluded that federal district courts have the inherent power to do so, including the Eighth Circuit.  E.g., Martin v. Solem, 801 F.2d 324, 329-330 (8th Cir. 1986);  Saldinger v. Santa Cruz County Superior Court, No. C 10-3147, 2010 WL 3339512, *2 (N.D. Cal. Aug. 24, 2010) (citing cases); see generally R. Means, Federal Habeas Manual § 8:78 (database updated May

2010) (citing cases). However, most of the circuit courts, including the Eighth Circuit, have held that such power can be exercised only in exceptional cases and where special circumstances exist. See id.

Putting aside the question of whether the court has the power to grant bail where the federal habeas petition challenges only the state-court's denial of bail and there are on-going state challenges to the conviction, see Brown v. Leeke, 460 F. Supp. at 949 n.11 (doubting that there are any circumstances in which a federal court could grant bail in such a situation), Darby has failed to demonstrate the existence of any exceptional circumstances that would permit the granting of bail. The mere fact that his conviction may have been obtained in violation of his federally-protected rights and that he may have to remain incarcerated until a federal habeas petition attacking his state-court conviction is decided on the merits is not enough. See id. The same is true for the denial of bail by the state courts and for any claimed delay by the state courts in addressing challenges to the underlying conviction. See id; see also Landano v. Rafferty, 970 F.2d 1230, 1239-1240 (3rd Cir. 1992).

### F.   Darby's request for costs and expenses

Darby's request for reimbursement for legal fees and defense expenses is beyond the authority of this court in a habeas proceeding. The purpose of habeas corpus is to challenge the validity of a prisoner's detention, and the remedy is release from custody. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[H]abeas is not a means by which a prisoner may raise a collateral issue such as reimbursement of legal fees." Rawlings v. Johnson, No. 7:08-cv-00495, 2008 WL 5062391, at * 2 (W.D. Va. Nov. 25, 2008); see also McEvily v. Johnson, No. 2:08CV520, 2009 WL 2242633, at *1 and *3 (E.D. Va. July 27, 2009) (accepting the Magistrate Judge's finding--that a habeas

petitioner was not entitled to reimbursement for filing fees, mailing, and copying expenses); Lewis v. Sapp, No. 3:08-cv-719, 2008 WL 2945952, *2 (M.D. Fla. 2008) ("The claim of seeking reimbursement of state court filing fees is not a proper ground for federal habeas corpus relief.").[4]

### III.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also, United States v. Lambros, 404 F.3d 1034, 1036-1037 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076-1077 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find debatable the recommended dispositions of the claims, whether on the merits or on procedural grounds. Consequently, it is recommended that the court not issue a certificate of appealability.

### IV.   RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS**:

---

[4] Darby maintains that he is entitled to reimbursement for his expenses pursuant to 28 U.S.C. § 2261 and 18 U.S.C. 3006A(d)(1). Neither statute is applicable in this instance, however. Section 2261 sets forth special habeas procedures in capital cases. Section 3006A addresses representation of financially eligible persons in the context of criminal proceedings.

1. Darby's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 2) be **DENIED**;

3. The court certify that an appeal from the denial of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 14th day of September, 2010.

>*/s/  Charles S. Miller, Jr.*
>Charles S. Miller, Jr.
>United States Magistrate Judge